

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Coke Stevenson
Governor of Texas
Austin, Texas

Dear Sir:

Opinion No. 0-3935
Re: Authority of Governor to
issue deficiency warrants
for erection of laboratory
for the State Health De-
partment.

You request an opinion of this department on the ques-
tion whether you may, under Article 4351, Revised Civil Statutes,
authorize the issuance of deficiency warrants in the sum of
Forty Thousand Dollars ($40,000) to supplement an appropriation
of Thirty-seven Thousand Five Hundred Dollars ($37,500) made to
the State Department of Health by the Forty-seventh Legislature.

The situation under which the Governor is asked to
approve such deficiency is as follows:

The Forty-seventh Legislature provided, among others,
the following items of appropriation for the State Board of
Health:

"128. Addition to third story to present labor-
atory building, construction and equipment. . . .$30,000

"129. Elevator. . . .$3500

"130. Boiler and equipment. . . .$4000"
(Senate Bill 423)

The same session of the same Legislature passed the fol-
lowing Concurrent Resolution:

"SENATE CONCURRENT RESOLUTION NO. 82

"WHEREAS, The State Department of Health has been
called upon to examine specimens from selectees, examine

Honorable Coke Stevenson, page 2

water and sewage samples for Federal Reservations, provide Orthotolidine water testing sets, supply testing materials to local laboratories cooperating with Draft Boards; and _____

"WHEREAS, The State Department of Health has been requested by Camp Surgeons, Post Quartermasters, Draft Boards, industrial plant managements, Defense Commission, War and Navy Departments, to supply records, statistics, opinions, data, survey reports and communicable disease reports; and _____

-"WHEREAS, Additional laboratory and office space is necessary to efficiently meet all of these defense demands; and _____

"WHEREAS, House Resolution No. 4545 of the National Congress, known as the 'Utilities Bill' makes an appropriation for various health and sanitary needs such as hospitals, health clinics, water, sewage, school and highway improvements; now, therefore, be it_____

"RESOLVED, By the Senate and the House of Representatives concurring that the State Health Officer be directed to make application to the Federal Works Agency for funds with which to provide a building in order that the laboratory, clinical and health defense needs may be efficiently met._____"

It is to be noted that the Resolution makes no appropriation to erect or contribute toward the erection of the building mentioned therein; in fact, such Resolution could not, constitutionally, appropriate funds from the Treasury for such purpose, for appropriations can only be made by law (Constitution, Article VIII, Section 6) and no law can be passed except by Bill (Constitution, Article III, Section 30). The Resolution, however, does not purport to appropriate or authorize an expenditure of funds from the Treasury; it expressly directs the State Health Officer to make application to the Federal Works Agency for funds to provide the building described, made necessary by increased demands upon the State Health Department by Federal Agencies, as a result of a program of National Defense.

From your letter, it appears that the State Health Officer filed an application with the Federal Works Agency, calling for

Honorable Coke Stevenson, page 3

the erection of a building four stories in height, with a base-
ment, at a total estimated cost of $308,500, not including the
land. At the suggestion of the Federal Works Agency, the plans
were revised, eliminating the fourth floor, and the estimated
cost is now $272,605, which includes the land valued at $60,000
to be furnished by the State of Texas. The State is called upon
to furnish $137,500; the Federal grant is to be $135,105. It is
proposed that the State owned land, valued at $60,000 and the
$37,500 appropriation above set out, be applied toward the $137,-
500 to be furnished by the State, and that the Governor approve
deficiency warrants for $40,000 to make up the balance.

Article 4351, Revised Statutes, provides:

"All heads of departments, managers of State in-
stitutions or other persons intrusted with the power
or duty of contracting for supplies, or in any man-
ner pledging the credit of the State for any deficiency
that may arise under their management or control, shall,
at least thirty days before such deficiency shall oc-
cur, make out a sworn estimate of the amount necessary
to cover such deficiency until the meeting of the next
Legislature. Such estimate shall be immediately filed
with the Governor, who shall thereupon carefully examine
the same and approve or disapprove the same in whole
or in part. When such deficiency claim, or any part
thereof, has been so approved by the Governor he shall
indorse his approval thereon, designating the amount
and items thereof approved and the items disapproved,
and file same with the Comptroller; and the same shall
be authority for the Comptroller to draw his deficiency
warrant for so much thereof as may be approved; but
no claim, or any part thereof, shall be allowed or war-
rants drawn therefor by the Comptroller, or paid by
the Treasurer, unless such estimate has been so approv-
ed and filed. If there is a deficiency appropriation
sufficient to meet such claims, then a warrant shall
be drawn therefor and the same shall be paid; but, if
there is no such appropriation, or if such appropria-
tion be so exhausted that it is not sufficient to pay
such deficiency claim, then a deficiency warrant shall
issue therefor; and such claim shall remain unpaid un-
til provision be made therefor at some session of the
Legislature thereafter. The provisions of this article
shall not apply to fees and dues for which the State

Honorable Coke Stevenson, page 4

may be liable under the general laws. When any injury or damage shall occur to any public property from flood, storm or any unavoidable cause, the estimate may be filed at once but must be approved by the Governor as provided in this article."

This department has consistently held that there can be no deficiency allowance under Article 4351, Revised Civil Statutes, unless there has been provided by the Legislature a specific appropriation for the purpose for which the deficiency allowance is requested, and that specific appropriation is insufficient to accomplish that purpose. See our Opinion O-2118, copy of which is attached.

We have likewise held that the deficiency contemplated by the statute does not exist where the specific appropriation upon which it is sought to be founded is expressly designed to limit the expenditure for the purpose to the amount expressly appropriated therefor by the Legislature, as in the case of an appropriation to erect a building, which is construed as authorizing the erection of a building at a cost not to exceed the sum expressly provided therefor by the legislative appropriation. See our Opinion O-2118.

Both of these rules preclude the issuance of deficiency warrants in the instant case. First, the deficiency warrants are sought for the erection of a complete three story building; the appropriation provided by the Legislature is for an "addition to the third story to present laboratory building." There is no appropriation made by the Legislature for the erection of a complete building, or to be applied toward the erection of a complete building. Second, the character of the appropriation made by the Legislature in this case is such as to reflect the intent of the Legislature to limit the expenditure for the "addition to the third story to present laboratory building" to the amount expressly appropriated for that purpose by the Legislature. The nature of this appropriation is such that the deficiency contemplated by Article 4351 cannot exist, for the State Board of Health is not "intrusted with the power or duty of contracting" for an expenditure greater than the amount expressly appropriated by the Legislature for the purpose of erecting the "addition to the third story" of the present building.

APPROVED NOV 21, 1941

FIRST ASSISTANT
RWF:db ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. W. Fairchild
R. W. Fairchild
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN